**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LAVERN CHARLES FASTHORSE et al., | Case No. 2:16-cv-01858-APG-PAL |
| Plaintiffs, | **ORDER** |
| v. | |
| STATE OF NEVADA et al., | |
| Defendants. | |

**I.    DISCUSSION**

On September 13, 2016, this Court issued a screening order dismissing the complaint in its entirety, without prejudice. (ECF No. 7 at 5). In that order, this Court had noted that only one out of the nine plaintiffs in this case had filed a fully complete application to proceed *in forma pauperis.* (*Id.* at 1). The Court had interpreted Plaintiffs' complaint as an attempt to invalidate their confinements and seek release from the Clark County Detention Center ("CCDC"). (*Id.* at 4). The Court dismissed the case, without prejudice, and directed Plaintiffs to file their own individual habeas cases with the Court. (*Id.*) The Court also noted that *pro se* litigants did not have the authority to represent anyone other than themselves. (*Id.*) The Clerk of the Court entered judgment on that same day. (ECF No. 8).

On September 21, 2016, Plaintiff Fasthorse filed a "rebuttal" to the screening order. (ECF No. 12). The Court interprets the "rebuttal" as a motion for reconsideration. In the motion for reconsideration, Plaintiff Fasthorse asserts that every plaintiff

submitted the proper applications to proceed *in forma pauperis*. (*Id.* at 1-2). Plaintiff Fasthorse also states that the plaintiffs do not want to pursue 28 U.S.C. § 2254 or 28 U.S.C. § 2255 motions, but instead want to proceed in a civil rights class action. (*Id.* at 2). Plaintiff asserts that their Eighth Amendment rights are being violated because they "should not have to be exposed to cruel and unusual punishment [and] deliberate indifference sensory deprivation inflicted upon [them] through the [defendants], as [they are] all freeman now, not under police state, marshal law, or restraint of military law." (*Id.*) In support of the motion, Plaintiff Fasthorse references a proclamation from Pope Francis and various treaties. (*Id.* at 2-4). Plaintiff Fasthorse asserts that the plaintiffs are being held against their will. (*Id.* at 4).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies the motion for reconsideration. Plaintiff Fasthorse has not established that that there was a change in controlling law, new evidence, or that the Court had committed clear error in its initial decision. To the extent that Plaintiff Fasthorse seeks to file an Eighth Amendment claim for conditions of confinement related to sensory deprivation, he may open a new case and file his own individual 42 U.S.C. § 1983 civil rights complaint. Plaintiff may not pursue a class action case with other *pro se* litigants.

///

**II.     CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Court interprets the "rebuttal" (ECF No. 12) as a motion for reconsideration.

**IT IS FURTHER ORDERED** that the Court denies the motion for reconsideration (ECF No. 12).

**IT IS FURTHER ORDERED** that Plaintiffs shall not file any further documents in this closed case.

Dated: September 27, 2016.

_____
UNITED STATES DISTRICT JUDGE